**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4212**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSEPH YOUNG, a/k/a Monster,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:13-cr-00151-ELH-25)

Submitted: November 9, 2018                                   Decided: January 9, 2019

Before FLOYD and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard B. Bardos, SCHULMAN, HERSHFIELD & GILDEN, P.A., Baltimore, Maryland, for Appellant. Robert K. Hur, United States Attorney, Robert R. Harding, Assistant United States Attorney, Ayn B. Ducao, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In *United States v. Carrington*, 700 Fed. App'x 224, 225 (4th Cir. 2017), we affirmed the convictions of Joseph Young for racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846; and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). These convictions resulted from his role in a "criminal enterprise inside the Baltimore City Detention Center." *Carrington*, 700 Fed. App'x at 225. As we recounted, members of the Black Guerilla Family (BGF), acting with the assistance of "complicit correctional officers and other Detention Center employees," "were able to smuggle narcotics, cell phones, and other contraband into the facility, and to use their dominant position to control other inmates and to support gang members on the outside." *Id.* Young, a "high-ranking BGF member," "sold controlled substances in the jail." *Id.* at 226.

Although we affirmed Young's convictions in *Carrington*, we did remand his case for resentencing. Specifically, we noted that in Young's presentence report (PSR) the probation officer "recognize[d] that Young had raised factual disputes" regarding the drug quantity attributable to Young and his role in the offense, and that the PSR "decline[d] to resolve those disputes," instead leaving them to the district court. *Id.* at 234. The district court, however, "simply adopted the findings of the PSR." *Id.* Given this oversight by the district court, we vacated Young's sentence and remanded for "resolution of the factual disputes raised by Young and for resentencing." *Id.*

On remand, the district court conducted a total of six hearings, including an evidentiary hearing. In a thorough forty-five-page opinion, the district court resolved the

2

factual disputes we identified in *Carrington*. As to drug weight, the district court concluded:

> I am satisfied that the smuggling of Percocet pills into [the detention center] was within the scope of the jointly undertaken criminal enterprise and in furtherance of it. Moreover, as to Young, the criteria of U.S.S.G. § 1B1.3(a)(1)(B)(i)-(iii) have been met with respect to a drug quantity of at least [offense] Level 20, which only requires 300 Percocet pills of 30 milligrams each, or 600 Percocet pills of 15 milligrams each. Put another way, this drug quantity was clearly foreseeable to Young.

JA 1054.

Starting from an offense level of 20, the district court then imposed multiple enhancements, including a three-level enhancement for Young's role in the offense, and arrived at a total offense level of 31. After adjusting Young's criminal history to Category IV (the PSR recommended a criminal history of Category V), the district court found that his guidelines range was 151-188 months' imprisonment. At the final sentencing hearing, the district court discussed in detail how the 18 U.S.C. § 3553(a) factors applied in Young's case. In particular, the district court emphasized Young's role in the offense and rejected his efforts to minimize that role, explaining "the notion that [Young] was not in charge is belied by the evidence that was presented. At the very least, he was in charge of his floor, and he exercised his authority." JA 1135. The district court ultimately sentenced Young to a within-guidelines sentence of 170 months' imprisonment.

On appeal, Young challenges the district court's determination of his base offense level. We review the district court's factual findings at sentencing for clear error and its legal conclusions in applying the sentencing guidelines de novo. *United States v. Layton*,

3

564 F.3d 330, 334 (4th Cir. 2009). Calculation of drug quantity is a factual finding that we review for clear error. *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013). Having reviewed the parties' submissions and the record in this case, we find that the district court did not clearly commit error in applying a base offense level of 20 to Young, and we affirm substantially on the reasons expressed in its opinion. *United States v. Young*, 2018 WL 1426501, No. ELH-13-151 (D. Md. March 22, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*